UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
**FILED**
MAY 31 2005
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-CV-107-JMH

NORBERT STEVEN WILCOX                                                    PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

CONNIE BURTON                                                           DEFENDANT

Norbert Steven Wilcox, an individual presently confined in a state prison, the Northpoint Training Center in Burgin, Kentucky, originally filed the instant *pro se* civil rights complaint pursuant to 42 U.S.C. §1983, together with complaints and motions to proceed *in forma pauperis*, in the United States District Court for the Western District of Kentucky. They were all transferred to this Court because the Burgin facility and named defendant are located in the Eastern District of Kentucky.

The plaintiff's motion to proceed *in forma pauperis* herein will be granted by separate Order. The complaint is before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).[1]

## CLAIMS

The plaintiff alleges that the defendant correctional officer discriminated against him and in

---

[1] To establish a right to relief under §1983, the plaintiff must plead and prove two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

favor of another inmate, in violation of his rights under the U.S. Constitution, specifically the Eighth, Tenth, Eleventh, and Fourteenth Amendments.

## NAMED DEFENDANT

The sole named defendant is Connie Burton, a correctional officer at the Northpoint facility.

## RELIEF REQUESTED

The plaintiff seeks a jury trial, expungement of the "mophead" incident from his records, and damages.

## FACTUAL ALLEGATIONS

The following is a summary of the plaintiff's allegations, which are all contained in his completed complaint form, additional pages attached thereto, and exhibits. Record No. 1.

The plaintiff alleges that on December 9, 2003, he was charged with the infraction of a non-violent demonstration. The incident involved a mop and bucket and another inmate, named Bryan Hill, who was purportedly giving the plaintiff orders impermissibly but who was supported by the defendant officer. After a hearing on the charge on December 18, 2003, the plaintiff was found guilty of the charge and received as a penalty 45 days in segregation.

Almost 14 months later, on February 8, 2005, the plaintiff filed a belated appeal of the matter to the warden. Therein, he admitted that he did have a verbal exchange with the officer "but it was in the office and outside the view of the inmates. . . . Due to the fact that this incident did not take place in the presence of other inmates, I ask that this charge and penalty be amended . . . DISRUPTIVE BEHAVIOR." It was/is his theory that a non-violent demonstration requires inmates to witness the incident and no one saw his altercation of December 9, 2003, with the defendant.

2

On February 10, 2005, the Northpoint warden rejected the appeal as untimely because it was not received within the 15-day deadline for a prisoner to appeal his conviction for a prison infraction.

## DISCUSSION

The prisoner-plaintiff's complaint must be dismissed. Its first fatal flaw is that, as he did with the administrative appeal of the disciplinary conviction, the plaintiff did not file his complaint in a timely manner.

The state statute of limitations for personal injuries governs claims under the federal constitution and 42 U.S.C. §1983. *Wilson v. Garcia*, 471 U.S. 261 (1985); *Frisby v. Board of Education of Boyle County*, Ky. App., 707 S.W.2d 359, 361 (1986). In Kentucky, a personal injury claim must be brought within one year after the cause of action accrues. K.R.S. 413.140; *see also University of Kentucky Bd. of Trustees v. Hayse*, 782 S.W.2d 609 (Ky. 1989), *cert. denied*, 497 U.S. 1025 (1989) and 498 U.S. 938 (1990). *See also Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) (citing *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990)) (§1983 actions in Kentucky are limited by the one-year statute of limitations found in §413.140(1)(a)).

Accordingly, in *Mercer v. Lexington Fayette Urban County Government*, 52 F.3d 325, 1995 WL 222178 (6th Cir. 1995) (Table, unpublished), the Sixth Circuit Court of Appeals found that the District Court for the Eastern District of Kentucky had properly dismissed Mercer's §1983 action as time-barred, pursuant to 28 U.S.C. §1915, because Mercer did not file her lawsuit within one year after her cause of action accrued. *Id.* (citing *See* Ky. Rev. Stat. §413.140(1)(a) and *Collard v. Kentucky Bd. of Nursing*).

Accordingly, to the extent that the prisoner's purported claims herein arose at the time of the incident or upon the finding of guilt and imposition of a penalty, both of these events occurred in

3

December of 2003, and the plaintiff did not file suit within the following year. Therefore, when he first filed the instant complaint, on March 14, 2005, he filed suit after the statute of limitations had run on his claim(s), and he is thus barred from proceeding with a lawsuit about the incident.

Additionally, the plaintiff failed to exhaust his administrative remedies prior to the instant filing. Since the Prison Litigation Reform Act (PLRA), effective April 26, 1996, exhaustion of available administrative remedies is congressionally mandated. 42 U.S.C. §1997e(a). The Supreme Court of the United States has twice examined the statute and held that it means precisely what it says. *See Booth v. Churner*, 532 U.S. 731, 741 (2001) ("Thus, we think that Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."); *Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[W]e hold that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.").

The Sixth Circuit has consistently insisted on compliance and a clear demonstration of compliance with the statute at the time of filing. A plaintiff must either attach copies of the documents from the administrative process or describe the administrative steps he took and responses he received in the process, with particularity. *Brown v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 117 S. Ct. 88 (1998); *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). Unless the record demonstrates that the requirements of §1997e(a) have been met, a district court must dismiss the lawsuit without prejudice. *Id.*

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** that the plaintiff's action herein is **DISMISSED**, and a separate Judgment shall be entered contemporaneously herewith.

This 31st day of May, 2005.

*Joseph M. Hood*
JOSEPH M. HOOD, CHIEF JUDGE

Date of entry and service: